MICHELE BECKWITH
Acting United States Attorney
CHRISTINA MCCALL
ROGER YANG
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>BRADLEY EARL REGER,<br><br>          Defendant. | CASE NO. 2:23-CR-00177-TLN<br><br>STIPULATION TO RESET STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference and motion hearing on January 31, 2025. On January 27, 2025, the Court vacated the motion hearing, took the motion under submission, and vacated the status conference, ordering the parties to submit a stipulation and proposed order to reset the status conference. ECF No. 84.

2. By this stipulation, the parties request to continue the status conference until May 1, 2025, at 9:30 a.m., and to exclude time between January 31, 2025, and May 1, 2025, under Local Code T4. Counsel for the defendant indicate that May 1 is the earliest date when both counsel are available for this status conference.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes 378,000 pages of both protected and unprotected discovery such as investigative reports and audio/video files. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desire additional time review the discovery, develop the case, conduct investigation, consult with their client, discuss legal strategies, and to explain the potential consequences and possible sentencing ramifications.

c) Counsel for defendant believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance, given the stated availability of counsel for the defense.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 31, 2025 to May 1, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 31, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ CHRISTINA MCCALL
CHRISTINA MCCALL
Assistant United States Attorney

Dated: January 31, 2025

/s/ KRESTA DALY
KRESTA DALY
Counsel for Defendant
Bradley Earl Reger

## ORDER

IT IS SO FOUND AND ORDERED this 31st day of January, 2025.

_____
Troy L. Nunley
Chief United States District Judge