UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRADLEY EARL REGER,<br>Defendant. | No. 2:23-cr-00177-DC-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR GRAND JURY ABUSE, OR IN THE ALTERNATIVE, TO SUPPRESS EVIDENCE<br><br>(Doc. No. 152) |

This matter came before the court on July 1, 2026, for a hearing on Defendant's motion to dismiss for grand jury abuse, or in the alternative, motion to suppress evidence. (Doc. No. 152.) Attorneys Kresta Daly and Tasha Chalfant appeared on behalf of Defendant. Assistant U.S. Attorneys Jessica Delaney and Roger Yang appeared on behalf of the Government. For the reasons explained below, the court will deny Defendant's motion to dismiss.

**BACKGROUND**

On July 5, 2023, Defendant was charged by a criminal complaint with one count of engaging in illicit sexual conduct in foreign places in violation of 18 U.S.C. § 2423(c). (Doc. No. 1.) On July 20, 2023, a grand jury returned an indictment charging Defendant with two counts of engaging in illicit sexual conduct in a foreign place in violation of 18 U.S.C. § 2423(c) (counts one and four); one count of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (count two); and two counts of coercion and enticement in

violation of 18 U.S.C. § 2422(a) (counts three and five). (Doc. No. 14 at 1–6.) The indictment charges Defendant with criminal conduct that allegedly occurred from 2006 through 2014, including in the Philippines in 2009, California and Nevada in 2010, California, Oregon, California, and Canada in 2013 and 2014, Poland in 2014, and California and Virginia in 2006. (*Id.*) Following the filing of the indictment, the Government issued multiple grand jury subpoenas through August 14, 2024. (Doc. No. 152 at 4.)

On September 19, 2024, a grand jury returned a superseding indictment charging Defendant with twelve (12) counts of criminal conduct. (Doc. No. 63.) The superseding indictment charges Defendant with the same five counts as charged in the original indictment and adds seven additional counts. (Doc. Nos. 63, 14.) The superseding indictment charges Defendant with one additional count of coercion and enticement in violation of 18 U.S.C. § 2422(b) (count six); two counts of travel with intent to engage in a sexual act in violation of 18 U.S.C. § 2423(b) (counts seven and twelve); and three additional counts of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (counts eight, nine, ten, and eleven). (Doc. No. 63 at 1–10.) The superseding indictment charges Defendant with criminal conduct that allegedly occurred from 1996 through 2017, including in California in 2017, Georgia in 2015 and 2019, the Philippines and Nevada in 2011, Arizona and Nevada in 2008, Alaska in 2008, and Mexico in 1996. (*Id.*)

On January 12, 2026, Defendant filed a motion to dismiss the superseding indictment for grand jury abuse, or in the alternative, motion to suppress evidence. (Doc. No. 152.) On February 2, 2026, the Government filed an opposition to Defendant's motion to dismiss. (Doc. No. 171.) On February 23, 2026, Defendant filed a reply thereto. (Doc. No. 187.) On July 1, 2026, the court held a hearing on Defendant's motion to dismiss, and the court took Defendant's motion under submission. (Doc. No. 234.)

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "Generally, Rule 12(b) motions are appropriate to consider 'such matters as

former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'" *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (citation omitted).

However, a district court may also dismiss an indictment under its inherent supervisory powers "(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020) (citing *United States v. Struckman*, 611 F.3d 560, 574 (9th Cir. 2010)). "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available," *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991), and the defendant suffers "substantial prejudice." *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (citation omitted).

## ANALYSIS

Defendant moves to dismiss the superseding indictment for grand jury abuse, or, in the alternative, to suppress improperly obtained evidence because "[t]he facts of this case demonstrate that the sole or dominant purpose of the [G]overnment's post-indictment grand jury subpoenas was improper trial preparation rather than legitimate grand jury investigation." (Doc. No. 152 at 13.) Defendant argues that dismissal of the superseding indictment is warranted because the Government's "flagrant misconduct" impacted the grand jury's ability to exercise independent judgment and instead turned the grand jury into "an arm of the prosecution's trial team." (*Id.* at 14–15.) Defendant asserts that if this court finds that dismissal is not warranted, the court should instead "suppress all evidence obtained through the post-indictment grand jury subpoenas issued between July 20, 2023, and August 14, 2024," and specifically, all evidence seized pursuant to search warrant number 2:23-sw-0670-DB. (*Id.* at 15–16.) Defendant further requests the court order the Government to disclose materials related to the post-indictment grand jury subpoenas. (*Id.* at 16.)

### A. Defendant's Request to Dismiss the Indictment

The grand jury serves as "an investigatory body charged with the responsibility of

determining whether or not a crime has been committed." *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991). A grand jury has "broad investigative powers to determine whether a crime has been committed and who has committed it." *United States v. Dionisio*, 410 U.S. 1, 15 (1973) (citation omitted). "The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred." *R. Enters., Inc.*, 498 U.S. at 297. "The investigative power of a grand jury does not necessarily end with the return of an indictment." *United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997). "Indeed, the duties of the grand jury are not performed until every clue and all witnesses are examined in order to charge the proper person with the appropriate crime." *In re Grand Jury Proc.*, 586 F.2d 724, 725 (9th Cir. 1978) (citing *United States v. Collins*, 272 F.2d 650 (2d Cir. 1959)).

However, "the government should not use the grand jury for the sole purpose of pretrial discovery in cases in which an indictment has already been returned." *United States v. Star*, 470 F.2d 1214, 1217 (9th Cir. 1972). Courts have repeatedly denounced the use of the grand jury process "for the sole or dominating purpose of preparing an already pending indictment for trial." *In re Grand Jury Proceedings*, 814 F.2d 61, 70 (1st Cir.1987). "The timing of the subpoena casts significant light on its purposes." *United States v. Furrow*, 125 F. Supp. 2d 1170, 1176 (C.D. Cal. 2000) (quoting *In re Grand Jury Subpoena*, 767 F.2d 26, 29 (2d Cir. 1985)). However, the grand jury is afforded a presumption that it acts within the legitimate scope of its authority "absent a strong showing to the contrary . . . ." *R. Enters., Inc.*, 498 U.S. at 300 (citing *United States v. Mechanik,* 475 U.S. 66, 75 (1986)).

1. Timing of the Post-Indictment Grand Jury Subpoenas

First, Defendant argues that the Government's post-indictment use of grand jury subpoenas for approximately one year after the initial indictment constitutes an abuse of the grand jury process. (Doc. No. 152 at 11.) Defendant argues that this "extended period of post-indictment grand jury subpoenas" supports the inference that the grand jury was being used to gather additional evidence rather than to investigate new criminal activity. (*Id.*) Defendant emphasizes that the Government's use of grand jury subpoenas post-indictment took place during

the time in which trial preparation would normally occur. (*Id.* at 13.) The Government avers in opposition that Defendant has not demonstrated irregularity in the grand jury process. (Doc. No. 171 at 4.) The Government emphasizes that Defendant cites no legal authority to support his argument that the year-long period of post-indictment grand jury subpoenas demonstrates that an irregular grand jury process occurred. (*Id.*) The Government asserts that "[a] one-year supplemental investigation, particularly in a case in which criminal conduct spans both the globe and decades, does not raise an inference that the grand jury process was used improperly." (*Id.* at 5.)

Defendant's arguments that the timing of the superseding indictment raises an inference of grand jury misconduct is unavailing. As the Government points out in its opposition, a trial date in this case had not been set during the period that the grand jury process was used. A jury trial was not set in this case until 2025, more than six months after the grand jury returned the superseding indictment. (Doc. Nos. 63; 106.) Further, Defendant does not cite to, nor can the court locate, any authority that suggests that a superseding indictment returned one-year after the original indictment on its own suggests prosecutorial misuse of the grand jury.

Nor has the Defendant demonstrated that the Government was required to charge the additional conduct as soon as it had probable cause to do so. *See Catlin v. Davis*, No. 1:07-cv-01466-LJO-SAB, 2019 WL 6885017, at *237 (E.D. Cal. Dec. 17, 2019) ("Prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt . . . ."), *aff'd sub nom. Catlin v. Broomfield*, 124 F.4th 702 (9th Cir. 2024). For example, in *United States v. Furrow*, the district court found that the sequence of events involving the grand jury did not suggest an improper purpose. 125 F. Supp. 2d at 1177. There, the grand jury returned a superseding indictment that included thirteen additional counts three and a half months after the filing of the original indictment and following further investigation. *Id.* The defendant argued that there was sufficient information to charge the defendant with some of the new offenses at the time the original indictment was filed. *Id.* However, the district court found that the "availability of sufficient evidence to charge certain crimes at an earlier point in the process does not cast doubt on the

propriety of the grand jury's investigation . . . ." *Id.* (citing *Branzburg v. Hayes,* 408 U.S. 665, 701 (1972)). Accordingly, even if the Government had sufficient evidence to charge Defendant at an earlier time with the crimes in the superseding indictment, Defendant has not demonstrated how this supports a finding of grand jury abuse.

Therefore, Defendant has failed to overcome his burden to demonstrate that the Government's "sole or dominating" purpose was to use the grand jury for an improper purpose based on the timing of the superseding indictment. *See In re Grand Jury Proceedings*, 814 F.2d at 70.

2. <u>Similarity Between the Indictment and the Superseding Indictment</u>

Second, Defendant argues that the similarity between the indictment and the superseding indictment demonstrates that the Government used the grand jury process to strengthen its existing case rather than to investigate new areas of criminal liability. (Doc. No. 152 at 11–12.) The Government points out that Defendant again cites no authority to support his argument. (Doc. No. 171 at 5.) Further, the Government argues that Defendant fails to acknowledge that the new counts in the superseding indictment charge him with crimes against different victims, at different times, and different locations than those alleged in the indictment. (*Id.*) The Government avers that because new charges resulted from the ongoing investigation, the grand jury process maintains presumption of regularity and Defendant has not met his heavy burden in overcoming that presumption. (*Id.*)

In his motion, Defendant summarily asserts that the "fact that the charges remained substantively similar between indictments strongly indicates the [G]overnment was not pursuing new criminal theories" supports an inference that the Government was using the grand jury for the "sole or dominating purpose" of trial preparation. (Doc. No. 152 at 11). However, Defendant provides no authority to support his assertion that similarities between the indictment and the superseding indictment support an inference that the grand jury was being used for an improper purpose. Further, even if Defendant could point to such authority, the court does not find that the additional counts in the superseding indictment are substantially similar to the counts in the original indictment.

The indictment charges Defendant with criminal conduct that allegedly occurred from 2006 through 2014, including in the Philippines in 2009, in California and Nevada in 2010, in California, Oregon and Canada in 2013 and 2014, in Poland in 2014, and in California and Virginia in 2006, whereas the superseding indictment charges Defendant with distinct criminal conduct that allegedly occurred from 1996 through 2017, including in California in 2017, Georgia in 2015 and 2019, the Philippines in 2011, Arizona and Nevada in 2008, Alaska in 2008, and Mexico in 1996. (Doc. Nos. 14 at 1–6; 63.) The charges in the superseding indictment also involve different victims than the original indictment. (*Id.*) Though there is overlap in the statutes Defendant is charged with violating, the underlying conduct alleged in the new counts in the superseding indictment is not substantially similar to the conduct charged in the original indictment. (*Id.*) Indeed, Defendant in his motion does not make any specific arguments about how the conduct charged is substantially similar.

Accordingly, Defendant has failed to overcome his heavy burden in rebutting the presumption of grand jury regularity in this case. Therefore, the court will deny Defendant's motion to dismiss the superseding indictment, or in the alternative, motion to suppress evidence.

**B. Defendant's Request for Discovery of Grand Jury Subpoenas**

Defendant indicates in his motion that he previously requested that the Government produce the grand jury subpoenas to Defendant. (Doc. No. 152 at 6.) The Government did not produce the grand jury subpoenas and rather responded by requesting that Defendant identify specific legal authority supporting Defendant's position that the Government must produce a copy of the subpoena itself, rather than responsive documents. (*Id.*; Doc. No. 152-2 at 3.) Defendant states he responded to the Government by "citing controlling authority holding that a grand jury may not be used to gather evidence against a defendant who has already been indicted, nor may it be used as a tool of trial preparation." (Doc. No. 152 at 7.) Defendant notes that at the time of the filing of their motion, the Government had not produced the requested grand jury subpoenas. (*Id.*)

Though Defendant acknowledges that he has "no right to pre-trial discovery of grand jury transcripts absent a particularized need," he asserts that the court should conduct an in camera

review of grand jury materials or order the Government to disclose to Defendant materials related to the post-indictment grand jury subpoenas due to the allegations of grand jury abuse. (*Id.* at 16.) However, given that the court concludes that Defendant has not overcome the presumption of grand jury regularity, Defendant has not demonstrated a "particularized need" for the grand jury information and thus the court finds no basis upon which to conduct an in camera review of materials nor to order the Government to disclose grand jury materials to Defendant. *See United States v. Vega-Barreras*, No. 16-cr-00478-TUC-JGZ, 2017 WL 11457228, at *3 (D. Ariz. May 23, 2017) (a defendant must demonstrate a "particularized need" for the grand jury transcripts in order to overcome the presumption of grand jury secrecy); *Mechanik*, 475 U.S. at 80 ("Defendants are not entitled to grand jury transcripts before trial; due to the strictly enforced tradition of grand jury secrecy, defendants generally have access to no information whatsoever regarding the conduct of the grand jury proceedings."); *see also United States v. Salman*, No. 3-cr-0197-LRH-PAL, 2004 WL 7339956, at *5 (D. Nev. July 2, 2004) ("The request [for grand jury materials] must amount to more than a request for authorization to engage in a fishing expedition, or to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred.") (citations omitted).

**CONCLUSION**

For the reasons explained above, Defendant's motion to dismiss (Doc. No. 152) is DENIED in its entirety.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Dena Coggins
United States District Judge